# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TERESA GUARDADO NUNEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | CASE NO. 10cv2008-AJB (WMc)<br><br>**REPORT AND RECOMMENDATION: (1) TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 10, 11] |
|---|---|

**I.**

**<u>INTRODUCTION</u>**

This matter is before the Court on cross-motions for summary judgment. Plaintiff Teresa Guardado Nunez brings her motion under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g)[1], seeking judicial review of the Commissioner of Social Security's ("Commissioner") final

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . . brought in the district court of the United States . . . The court shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g).

1  decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act.[2]
2  Plaintiff asks the Court to grant her motion for summary judgment, reversing the Commissioner's
3  decision, which plaintiff argues: (1) fails to assign the proper weight to the opinions of plaintiff's
4  treating and examining physicians, and thus (2) is not supported by substantial evidence. The
5  Commissioner concurrently seeks summary judgment to affirm the ALJ's decision.

6      The Court finds the motions appropriate for submission on the papers and without oral
7  argument pursuant to Local Rule 7.1(d)(1). After careful review of the moving and opposition
8  papers, the administrative record, the facts, and the law, the Court **RECOMMENDS** plaintiff's
9  motion for summary judgment be **DENIED**. The Court also **RECOMMENDS** defendant's cross
10 motion to affirm the ALJ decision be **GRANTED**.

## II.

## PROCEDURAL HISTORY

13     On August 21, 2007, Plaintiff applied for Social Security Disability Insurance Benefits
14 alleging disability. *See* Administrative Record ("AR") at 107-14.[3] The Commissioner denied
15 plaintiff's application initially and also on reconsideration. (AR at 53-54). Plaintiff testified at a
16 hearing before an Administrative Law Judge ("ALJ"). (AR 26-52). The ALJ found plaintiff
17 ineligible for disability benefits because she could perform jobs that existed in significant
18 numbers. (AR 8-25). The Appeals Council declined review of the ALJ's decision and thus the
19 ALJ's decision became the final decision of the Commissioner. (AR 1-3).

20     On September 29, 2010, plaintiff filed the instant complaint pursuant to §405(g) of the Act
21 in order to obtain judicial review of a "final decision" from the Commissioner denying her claim
22 for DIB. Defendant filed an answer to the complaint on December 17, 2010. [ECF Nos. 1, 6].

23     On February 11, 2011, plaintiff filed a motion for summary judgment. [ECF No. 10].
24 Defendant filed a cross-motion for summary judgment and opposition to plaintiff's motion on

---

[2] The Administrative Law Judge's ("ALJ") decisions became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. (AR 1-3).

[3] The AR page numbers cited herein are the numbers located near the bottom right corner of the page.

March 10, 2011.  [ECF No. 11].  Both motions were found suitable for decision without oral argument and taken under submission.

## III.

## DISCUSSION

**1.     Legal Standard**

A claimant is entitled to disability benefits if, considering her age, education and work experience, she is unable to perform the work she previously performed and unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months . . ." 42 U.S.C. § 423(d)(1)(A).  The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920. **Step one** determines whether the claimant is engaged in "substantial gainful activity."  If she is, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is not, the decision maker proceeds to **step two**, which determines whether the claimant has a medically severe impairment or combination of impairments.  That determination is governed by the "severity regulation" which provides in relevant part:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.  We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520 c), 416.920 c).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521 (b), 416.921 (b).  Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; [u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Id*.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the **third step**, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520 (d), 416.920 (d); 20 C.F.R. Part 404, Appendix 1 to Subpart P. If the impairment meets or exceeds one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the **fourth step**, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520 (e), 416.920 (e). If the claimant cannot perform her previous work, the **fifth** and **final step** of the process determines whether she is able to perform other work in the national economy in view of her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520 (f), 416.920 (f).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a

1  whole, weighing both the evidence that supports and detracts from the Commissioner's
2  conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.
3  1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)).  If the evidence supports more
4  than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749
5  F.2d 577, 579 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and
6  resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v.*
7  *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978).  Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id*.

**2.    The ALJ's Decision[4]**

After weighing the evidence from the administrative record and listening to the testimony of plaintiff and the experts, the ALJ made the following findings. Plaintiff had not performed substantial gainful employment since her application date. (AR 16). She had severe mental and physical impairments, but her impairments did not meet or equal any of the presumptively disabling listed impairments. (AR 16-17). Her subjective symptom testimony was not fully credible. (AR 19-22). Additionally, the ALJ determined:

> Claimant retains the residual functional capacity to perform work at the light exertional level, lifting and carrying 10 pounds frequently, and 20 pounds occasionally, and sitting, standing and walking for six hours each per eight-hour workday; with the following nonexertional limitations: never climbing ladders, ropes or scaffolds; occasionally climbing ramps and stairs; occasionally stooping and crouching; never balancing, kneeling or crawling; avoiding concentrated exposure to dangerous moving machinery, electric shock, radiation and unprotected heights; avoiding concentrated exposure to extreme heat, cold and vibration; and mentally limited to unskilled work with no close or frequent interpersonal contact with supervisors, co-workers, or the public.

(AR 17-18).

---

[4] The ALJ's specific findings as to each expert's opinion are discussed below.

1   Plaintiff does not contest the ALJ's findings regarding her physical impairments. *See* [ECF
2 Nos. 1, 10]. Plaintiff had no past relevant work, but could perform other jobs that existed in
3 significant numbers in the national economy. (AR 23-24). Accordingly, the ALJ found plaintiff
4 not disabled and thus ineligible for disability benefits. (AR 24-25).

5 **3.     Plaintiff's Argument**

6   Plaintiff contends the ALJ erred in a giving "great weight" to the opinions of Drs. Paxton
7 and Hurwitz and "less than moderate weight" to the opinions of Drs. Heindenfelder and
8 Rodriguez-Reimann because Drs. Paxton and Hurwitz were merely reviewing physicians whereas
9 Drs. Heindenfelder and Rodriguez-Reimann were treating physicians. [ECF No. 10 at 13]. Plaintiff
10 asserts the opinion of a treating physician is entitled to greater weight than the opinion of a non-
11 treating physician. *Id*. at 14. Accordingly, plaintiff claims the ALJ's reliance on non-treating
12 physician opinions over the opinions of treating physicians was "not only illogical, but illegal." *Id*.
13 at 13.

14 **4.     Defendant's Argument**

15   Defendant contends the ALJ properly relied on the opinions of Drs. Paxton and Hurwitz
16 and properly discounted the opinions of Drs. Heidenfelder and Rodriguez-Reimann. [ECF No. 11-
17 1 at 5-7]. Although defendant acknowledges that treating physician opinions are generally given
18 more weight than non-treating physician opinions, defendant claims an ALJ may properly discount
19 a treating physician's opinion where the ALJ finds specific and legitimate evidence in the record in
20 support of his conclusion. *Id*.

21 **5.     Applicable Law**

22   The opinions of treating physicians are generally given greater weight than those of other
23 physicians because of the treating physicians' intimate knowledge of the claimant's condition.
24 *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001).  In order to reject the opinion of a
25 treating physician, the ALJ is required to show specific and legitimate reasons based on substantial
26 evidence from the record.  *Id.*; *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).
27 Substantial evidence may be based *in part* on the testimony of a non-treating, non-examining
28 medical advisor. *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 602-3 (9th Cir. 1999).

1 However, substantial evidence may not be based on a reviewing physician's opinion alone, or on
2 the reviewing physician's opinion and the ALJ's personal observations. *Id*. Rather, substantial
3 evidence requires additional evidence, such as inconsistencies between the treating physicians'
4 reports and the testimony of the claimant. *Id.* Additionally, an ALJ may properly discount a
5 treating physician's opinion where the treating physician relies heavily on the subjective
6 complaints of the claimant. *See Id.* However, where the ALJ fails to provide adequate reasons for
7 rejecting the treating physician's opinion, the court will credit the treating physician's opinion as a
8 matter of law.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

**6.   Analysis**

As explained above, in order to reject the opinion of a treating physician the ALJ is required to show specific and legitimate reasons based on substantial evidence from the record.

### a. Dr. Heidenfelder

In his report to the ALJ, Dr. Heidenfelder opined that plaintiff was moderately or markedly limited in all but one of twenty areas of work functioning. (AR 276-77). Dr. Heidenfelder also indicated plaintiff had a long history of severe depression with minimal improvement despite two years of medication and therapy. (AR 278). The ALJ gave "less than moderate weight" to Dr. Heidenfelder's opinion based on the following factors: (1) Dr. Heidenfelder's treatment notes did not support his conclusion; (2) the reviewing physicians' opinions credited plaintiff with greater potential ability than Dr. Heidenfelder;[5] and (3) Dr. Heidenfelder's opinion was inconsistent with plaintiff's daily activities. (AR 22).

After reviewing the record, this Court concludes that the ALJ identified legitimate and substantial evidence from the record to discount Dr. Heidenfelder's opinion. *See Morgan*, 169 F.3d at 602-03. This evidence included the expert opinions of the board-certified reviewing physicians, the discrepancies between Dr. Heidenfelder's opinion and his treatment notes, the inconsistencies

---

[5] The ALJ noted that Dr. Heidenfelder is not board-certified in psychiatry whereas Drs. Hurwitz and Paxton are board-certified in psychiatry. (AR 22).

between Dr. Heidenfelder's opinion and his own psychiatric function testing,[6] and the discrepancies between Dr. Heidenfelder's opinion and plaintiff's admitted activities. *See Id.*

The ALJ also cited specific evidence to support his finding of discrepancies in the record. For example, the ALJ noted "[Dr. Heidenfelder's] opinion that the claimant has "marked" limitations in adhering to a schedule is flatly contradicted by her record of treatment with him. In more than 100 appointments over nearly four years, she did not miss any appointments and was late only once." (AR 22). The ALJ also found Dr. Heidenfelder's assessment of marked functional limitations was inconsistent with claimant's admitted daily activities which included caring for her twin sixteen year-old daughters, driving, shopping, cooking, cleaning, reading, visiting friends, paying bills and managing a checking account. *Id*. Finally, the ALJ considered the reviewing physicians' opinions regarding the claimant's functional capacity as well Dr. Heindenfelder's treatment notes. (AR 21-22).

Despite this evidence, plaintiff's argument has some merit. After all, Drs. Heindenfelder and Rodriguez-Reimann saw plaintiff a combined 260 times whereas Drs. Paxton and Hurwitz merely reviewed Plaintiff's medical records. (AR 22). When competing experts disagree, it is reasonable (indeed required by law) for the ALJ to apply greater weight to the treating physician's opinion. *Morgan*, 169 F.3d at 602. However, this rule is not absolute, and for good reason. *See Morgan*, 169 F.3d at 602-3. If the rule were absolute, the ALJ in the instant case would have been forced to accept Dr. Heidenfelder's opinion despite conflicting evidence from his own treatment notes and the admissions of the claimant. Such a rule would subvert the role of the ALJ because "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Based on the evidence identified above, this Court concludes the ALJ cited specific and legitimate reasons to accord Dr. Heidenfelder's opinion with "less than moderate weight." *Id*. Further, the Court finds these specific and legitimate reasons were based on more than the reviewing physician's opinions and the personal observations of the ALJ. Thus, the ALJ relied on

---

[6] The ALJ noted the discrepancy between Claimant's global assessment of functioning test (GAF) score of 60, indicating mild to moderate symptomatology, and Dr. Heidenfelder's assessment that Plaintiff has "marked" limitations in multiple functioning areas. (AR 22).

substantial evidence in making its determination. *See Morgan*, 169 F.3d at 602-3.

### b. Dr. Rodriguez-Reimann

Dr. Rodriguez-Reimann submitted a letter to the ALJ in which she described her history with plaintiff and opined that plaintiff was "very responsible" in following up with treatment appointments and medication recommendations. (AR 293). Also, Dr. Rodriguez-Reimann submitted a form that indicated plaintiff was moderately or markedly limited in all but one of twenty areas of work functioning. (AR 294-95). The ALJ gave "less than moderate weight" to Dr. Rodriguez-Reimann because her opinion was not supported by progress notes, her statement that Plaintiff was "very responsible" with medication compliance was inconsistent with the record, and she relied to a large extent on Plaintiff's subjective statements in forming her opinion. (AR 22-23).

After reviewing the record, this Court concludes the ALJ cited specific reasons to discount Dr. Rodriguez-Reimann's opinion. After noting Dr. Rodriguez-Reimann's pecuniary bias, the ALJ noted Dr. Rodriguez-Reimann did not submit progress notes, clinic notes, or standardized testing to substantiate her opinion. (AR 22-23). The ALJ then examined her unsupported opinions and found her statement that the claimant "was very responsible" with her medication "flatly contradicted" by the *treating notes* of the claimant's *other treating physician*, Dr. Heidenfelder. (AR 23). Given the absence of supporting clinical notes or testing and the presence of contradictory evidence, the ALJ concluded Dr. Rodriguez-Reimann's opinions relied too heavily on the claimant's "self-reporting." (AR 23).

The Court finds these specific reasons legitimate because "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . ." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, Dr. Rodriguez-Reimann's opinion was not supported by the record because (a) she failed to provide corroborating clinical evidence, (b) her opinion was undermined by conflicting evidence in Dr. Heidenfelder's treatment notes, (c) two board-certified psychiatrists concluded the claimant was not disabled, and (d) there is no indication Dr. Rodriguez-Reimann relied on any evidence other than claimant's subjective statements. Moreover, the ALJ properly discounted Dr. Rodriguez-Reimann's opinion

1  because she relied heavily on the claimant's own statements and the ALJ found the claimant's
2  testimony not credible.[7] *See Morgan,* 169 F.3d at 603.
3     Accordingly, the ALJ properly discounted Dr. Rodriguez-Reimann's opinion.
4     **c. Drs. Hurwitz and Paxton**
5     The ALJ gave "great weight" to the opinions of Drs. Hurwitz and Paxton for the following
6  reasons: (1) both doctors are board-certified psychiatrists and have experience with the Social
7  Security disability program, (2) their opinions are supported by the record, including the
8  claimant's admitted activities of daily life, and (3) both doctors had the benefit of reviewing the
9  entire medical record. (AR 21).
10    Plaintiff does not provide any substantive argument or point to any evidence in the record
11 to discount Drs. Hurwitz' and Paxton's opinions other than their status as reviewing physicians.
12 Because "the opinions of non-treating or non-examining physicians may . . . serve as substantial
13 evidence when the opinions are consistent with independent clinical findings or other evidence in
14 the record" the Court finds Plaintiff's argument to the contrary unavailing. *See Thomas v.*
15 *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Indeed, the independent clinic findings of Dr.
16 Heidenfelder (finding claimant was within normal limits as to judgment, mood, insight, behavior,
17 speech, attitude, appearance, thought process, thought content, etc. on during numerous clinical
18 evaluations) and the claimant's admitted activities (including caring for her twin sixteen year-old
19 daughters, driving, shopping, cooking, cleaning, reading, visiting friends, paying bills and
20 managing a checking account) are consistent with Drs. Hurwitz' and Paxton's opinions and thus
21 demonstrate the ALJ made a reasoned decision based on substantial evidence. *See Id.*
22    Accordingly, **IT IS RECOMMENDED** the Court find the ALJ properly determined the
23 weight to apply to the relevant expert opinions.
24 ///
25 ///
26 ///
27
28    [7] The ALJ found claimant not credible. Plaintiff *does not* contest the ALJ's finding that she was not credible.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, **IT IS HEREBY RECOMMENDED** the Court **DENY** Plaintiff's motion for summary judgment, **GRANT** the Commissioner's cross-motion for summary judgment.

**IT IS ORDERED** that no later than **February 24, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **March 2, 2012**. The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: February 13, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court